HORACE DRESSER, assignee of Asahel Abbot, *v.* REUBEN W. VAN PELT.

Mere impressions of a witness, unaccompanied by any circumstance, are of no avail in opposition to positive testimony.

Under a plea of the statute of limitations, the assignor of plaintiff swore positively that a part payment had been made, but stated that he could not say positively it was made within six years, although he believed it was. The defendant swore positively that he had made no payment within the six years.

*Held,* that a finding of the justice in favor of the plaintiff was clearly against evidence; that this was not a case of conflict of testimony, but of imperfect recollection on one side and positive recollection on the other.

APPEAL from a judgment of the Sixth District Court. This action was brought to recover for instruction in music, given by the assignor of the plaintiff to the defendant, upwards of seven years before the commencement of the suit. To meet the defence of the statute of limitations, the defendant relied on an alleged part payment of $5 within six years. The evidence on this point is stated in the opinion.

The justice rendered judgment for the plaintiff, and the defendant appealed.

*Coe and Wallis,* for the appellant.

Dresser v. Van Pelt.

The respondent, in person.

DALY, J.—The assignor of the plaintiff swore that he believed, but was not certain, that the $5 was paid within six years; that he could swear positively that the defendant had paid him $5, but could not swear positively that it had been paid within six years. The defendant swore that he did not, within the last six years, pay the assignor $5 on the bill in suit. The finding of the justice, therefore, was clearly against evidence. The assignor merely swore to his belief or impression. He did not strengthen it by any circumstance that could guide the justice, except that it was about the time when the defendant and the plaintiff dissolved partnership, without stating when they dissolved. It was not a conflict of testimony upon which the finding of the justice would be conclusive, but of imperfect recollection on one side and of positive recollection on the other. In such a case, there could be no weighing of testimony. The belief of a party to an act, who cannot swear that it occurred within the six years preceding the time that he is examined—who cannot fix it, or swear positively that it took place at least within that range of time—amounts to nothing when there is positive evidence that it did not occur within that period. Presumptively the claim was barred by the statute, and it was for the plaintiff to remove that presumption, by showing that the defendant had made a payment upon it within six years before the commencement of the suit, which he did not do. The defendant having sworn positively that it was not made within that time, and the plaintiff offering nothing but the uncertain impression of the assignor against the positive statement of the defendant, upon such evidence, there could be no alternative but to find for the defendant.

Judgment reversed.